People's case. As thus appraised, it clearly appears that the defendant violated section 986 of the Penal Law in so far as that section relates to bookmaking, and also in so far as it relates to the possession of papers and paraphernalia for the purpose of recording or registering bets or wagers on horse races. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CORBETT, Also Known as JAMES COLLINS and WILLIAM CRAWFORD, Appellant.— On the court's own motion, the decision of this court handed down May 11, 1942 [ante, p. 778], is amended to read as follows: Judgment of the County Court of Richmond County dated December 5, 1941, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the first degree, and violation of section 1897 of the Penal Law (carrying and use of dangerous weapon), unanimously affirmed. Appeal from so-called " judgment of conviction " of February 27, 1942, dismissed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESLIE L. HAYOS, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting appellant of the crime of exposure of person (Penal Law, § 1140), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT F. HOUGHTON, Correct Name ALBERT FRANKLIN HOUGHTON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond [County of Richmond], convicting defendant of a violation of section 1433 of the Penal Law (malicious mischief), reversed on the facts, information dismissed and the defendant discharged. We are of opinion that the People did not prove the defendant guilty beyond a reasonable doubt. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TONY LISANTI, Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Queens, convicting the defendant of a violation of section 986 of the Penal Law (bookmaking), unanimously affirmed. The evidence and circumstances of the activities of the defendant in connection with those of the codefendant Andriani (People v. Andriani, ante, p. 788, decided herewith) clearly establish his guilt as a violator of section 986 of the Penal Law in so far as it relates to occupying a room with papers and paraphernalia for the purpose of recording or registering bets or wagers on horse races, and in so far as it concerns a person " who aids, assists or abets in any manner in any of the said acts," which are forbidden in that section. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES MORRISON, Appellant.— On the court's own motion, the decision of this court handed down May 11, 1942 [ante, p. 778], is amended to read as follows: Judgment of the County Court of Richmond County dated December 5, 1941, convicting the defendant of the crimes of robbery in the first degree, grand larceny in the first degree, and violation of section 1897 of the Penal Law (carrying and use of dangerous weapon), unanimously affirmed. Appeal from so-called " judgment of conviction " of February 27, 1942, dismissed. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.